If you're ready, you may begin. May it please the Court, I'd like to reserve two minutes for rebuttal. Walter K. Pyle on behalf of Mark Edwards. In Kohlander v. Larson, the U.S. Supreme Court said there is a requirement under the Due Process Clause that a law have substantial guide -- excuse me, minimal guidelines to allow a jury to decide whether a crime has been committed. In this case, California's Great Bodily Injury Statute says injury is great if it's significant or substantial or not minor or not moderate. That's no guideline at all. Sotomayor Hasn't the Supreme Court spoken on this? Kagan I'm sorry? I mean, it seems like it's been established, pretty well established, that that is sufficient for serious bodily injuring. Kagan In California? Sotomayor Yes. Kagan The California Supreme Court has said, yes, it is. And I say they're wrong, because Kohlander says there has to be minimal guidelines. What California, all the California cases look to a standard --- excuse me, I take that back. I don't think the California Supreme Court has ruled on this, but there have been many California court of appeal decisions that have ruled on this. And they have all said, as long as the words are of long usage or with a common law meaning, and they've been repeatedly declared constitutional, that's sufficient. And that's what the District Court of Appeal said in our case. Long usage, common law meaning, it's been declared constitutional before. The Court will recall that in Kohlander, that was the very same standard the California Court of Appeal had used to uphold the statute in that case. What was then California Penal Code section 647e? In People v. Wreger, which we cited in our briefs, the Court said that statute is valid, it's constitutional because of long usage and repeatedly been held constitutional. Kagan, Kohlander says, you know, you can't be too vague, but the California legislature responded and said, defined great bodily injury to be significant or substantial. Imagine the California legislature enacted an overweight statute, and it says trucks can't use the highway if they're large. Large is defined as significant or substantial, just like in our case. So how would you define it in order to make it constitutional? Well, the California legislature, originally the bill had standards in it. It said prolonged unconsciousness, loss of use of a member or organ of the body. There were originally standards in the bill as it was enacted in 1976, but they were removed. And nobody's sure why they were removed. One court speculated they wanted to give more latitude. Well, you get into an IRS type of a definition if you're not careful. Well -- And then usually they give you 16 ways that can be great bodily injury, and then they say these aren't exclusive. Right. They say included, but not limited. Exactly. And, in fact, see, in California there are several great bodily injury statutes. Some of them are in the statute itself, like in Count 1 in our case, like in the battery statute, which says if a -- if an injury is serious, it elevates it to a felony. And those statutes do contain those standards. They say loss of consciousness, loss of use of a member or an organ. So there is standards in those other statutes. This particular statute, Penal Code Section 12022.7, is like a freestanding bodily injury statute, and it has no standards. It just says great. What are the jury instructions like with respect to this enhancement? The jury instructions said great bodily injury means significant or substantial. It's not minor. It's not moderate. What help is that? It's like saying if a person is tall, well, if I go down to a basketball court with professional basketball players, they'll call me shorty. It's almost as bad as a civil rights case when a jury is supposed to decide whether a seizure is unreasonable. Well, reasonable, I think, is in a different category. Why? Because of longstanding use, and we all understand it? No, I think people, I think people, to a certain extent, because people know in the world as the way it is, what's reasonable and what's not reasonable. People don't know what great injury is. In People v. Nava, which we cited in our brief, the court said three fractures to the nasal bone could be great bodily injury or it might not be. It's up to the jury. And at one point, the California Supreme Court said it has to be protected injury. It has to be not short-lived, and that was People v. Cladillo. And then a few years later, in People v. Escobar, the Supreme Court says, no, it doesn't. It's whatever the jury says, and it said, if there's evidence to support the jury's finding, we have to accept that finding. So it's basically a substantial evidence standard. They say they turn a legal standard. As announced in Colander, there has to be minimal guidelines. They say the standard is whatever facts the jury determines. This is no standard at all. In our case, the California's court of appeal, it addressed Colander. It was the way the warden phrases it in his brief. They addressed it, but they did not apply it. They keep saying, counsel says, Colander applies here, but we don't see how the words in Colander relating to the language there are applicable to the words here. And they then they cite People v. Guest and People v. Macille, both of which say long usage and previous finding of constitutionality is sufficient. I wanted to touch briefly on the double jeopardy issue. In that case ---- It's an enhancement of an offense. Yes. People, Blockburger v. United States says a person is published twice for the same offense, which is the wording of the double jeopardy clause. If there's a violation of two distinct statutory provisions, as I mentioned earlier, some of these enhancements are in the statute defining the crime, and this one is a free-floating one. So enhancement can be a definition of the crime, or in this case, it's just a definition which can be applied to any crime. So Blockburger says that the test is whether the same act, in this case, inflicting injury. So under your approach, all enhancements are blocked out by the double jeopardy clause? If they could, they could be. If they are, they are statutory provisions defining some act, and the test is whether each provision requires proof of fact, which another one does not. So I see no under Blockburger, the question is statutory provision. It doesn't say why should it make any difference if in the Battery statute it's included in Section 243, and in the Eluding the Police statute it's included in Section 2800.2, and this section it's included in a separate section. Why should that conceptually make any difference? But did you want to reserve the balance of your time? Yes, I do. Thank you. Thank you. Good morning, Your Honors. Joan Killeen for Respondent. May it please the Court. I believe the issues are thoroughly covered in the briefs, but I do have a few points to make. Counsel states at the beginning of his argument that in Colander v. Lawson, the Court found that minimal guidelines had to exist in a statute for a jury to apply. That's not what Colander held at all. Colander dealt with a statute that criminalized a person who was unable to provide credible or reliable identification when stopped by an officer on the street. It was essentially a First Amendment case, and the minimal guidelines that the Court referred to in that case were with respect to the law enforcement officer's enforcement of the particular statute. Ultimately, the Supreme Court found that the words credible and reliable were insufficient in terms of providing guidance to the law enforcement officer to avoid arbitrary enforcement of a statute. In our case, we're talking about an enhancement that is applied in a number of circumstances to a substantive offense. It is not a crime in itself. It is not an offense in itself. It is only applied to other offenses to increase punishment. The California legislature has expressly stated it's to increase punishment where a defendant personally inflicts great bodily injury in the course of a crime. Part of counsel's confusion in this case, both with respect to the first issue, whether the statute is void for vagueness, and the second issue, whether the defendant – whether his punishment violated double jeopardy here, is that he conflates serious bodily injury and great bodily injury. Serious bodily injury, as used in Count 1 of the statute, must be proximately caused by the defendant's conduct. And it can occur, for example, in this case, the officer could have been injured in an accident while pursuing the defendant. That would have been proximate causation for the serious bodily injury in evading the police officer. It would not constitute personal infliction of great bodily injury. Here we have the defendant veering into an oncoming car, getting into an accident. His passengers were ejected and injured. He, therefore, personally inflicted great bodily injury as well as caused – proximately caused those injuries. In terms of the vagueness, the void for vagueness argument, we refer the Court specifically to this Court's decision in United States v. Shales cited in our brief at 546F3, paragraph 965. And that Court states – it states the standard in Lawson, of course, which is that a penal code or penal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what is prohibited and in a manner that does not encourage arbitrary enforcement. And then the Court goes on to state the Constitution does not require impossible standards. All that is required is that the language conveys sufficiently definite warning as to the prescribed conduct when measured against common understanding. Counsel has stated repeatedly that long usage and common understanding are not applicable in a void for vagueness analysis, and obviously, they are – it is applicable. And the United States Supreme Court in United States v. Williams also cited in our brief at 546F3, paragraph 965, states that the Court has struck down statutes where the defendant's conduct, for example, was annoying or indecent, wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings. Well, here we have a statutory definition. We have narrowing context and settled legal meanings based on over 100 years of California law interpreting great bodily injury. And what the United States Supreme Court has said is that precise guidelines are not required. Here, the statute prohibits the infliction of significant or substantial bodily injury. If a juror was to return a verdict finding that enhancement to be true, and the defendant said, but here it was only a scratch, it wasn't significant, for example, then the defendant's recourse on appeal is to challenge the sufficiency of the evidence, which the United States Supreme Court specifically says in Williams that the parameter is proof beyond a reasonable doubt, so that if a defendant claims that that enhancement was not proven, he should challenge the sufficiency of the evidence. In this case, the defendant never challenged the sufficiency of the evidence. He simply argued that the statute was void for vagueness. But under the United States Supreme Court's and this Court's formulations of the void for vagueness doctrine, he fails to make that showing. And he also fails to show that the State court failed to apply the Federal test. The State court explicitly, several times, stated the Federal test, quoted State courts that had also cited the Federal test, and had applied the Federal test. An appellant has failed to show that the State court either failed to understand and comprehend the Supreme Court controlling authority on this issue, or that it unreasonably applied that authority. On the double jeopardy claim, I think that the double jeopardy claim is actually very straightforward. It's been somewhat muddled in appellant's analysis and in the Respondent's view. But essentially, under Missouri v. Hunter, a multiple punishment violation of the double jeopardy clause only occurs if the defendant has been convicted of the same offense in the same proceeding multiple times. In this but, if a legislature expressly states that the punishment imposed is permitted, then there is no double jeopardy violation. In fact, Missouri v. Hunter expressly states that where the legislative intent is clear, that the act, that the act of the additional punishment can be imposed, the court need go no further. And in this case, we have the statute, Penal Code section 1202.7, which expressly provides in five instances additional punishment for personal infliction of great bodily injury. And in all but one of those, excuse me, in all five of those, it provides anywhere from three to five years additional punishment, depending on the victim. In some cases, it could apply to a person over 70 or a child under five years. In this case, we fall under Subdivision A, which is the any person other than an accomplice, and it's an extra provision of three years. The California Supreme Court has stated expressly that great bodily injury is not the same as serious bodily injury. So we don't have the same offense, contrary to the appellant's analysis, but we don't even need to go that far, because the legislature here expressly provided that the additional punishment for personal infliction of great bodily injury should be imposed where it has been proven. And that should be the end of the analysis under Missouri v. Hunter. The Blockberger analysis is actually used to determine legislative intent if legislative intent has not been expressly stated, as it has here. But even if you additionally look to the Blockberger test, you would find that he was not convicted of the same offense. In Count 1, evading a police officer approximately causing serious bodily injury, and in Count 2, driving under the influence and personally inflicting great bodily injury. And we don't even need to get into whether or not you would consider the enhancement as part of the elements of Count 2, which we believe you would not. But we don't even need to get into that, because under either analysis, whether you include the enhancement or don't, he has not been convicted of the same offense. Each offense requires proof of another, proof of facts. The other does not. But as we stated, the Court, it's a very simple case because the legislature has expressly provided the additional punishments the same as a gun use enhancement or any other enhancement that adds punishment to a crime. If the Court has any questions, I'm happy to answer those. Otherwise, the State is prepared to submit. Thank you. Sotomayor, please, the Court. Kohlander v. Lawson very clearly said, if you don't use these minimal guidelines, this broad sweep of unchecked legislative language will permit a standardless sweep, meaning a standardless sweep in the language of the statute that allows policemen, prosecutors and juries to follow their personal predilections. What's your response to Missouri v. Hunter? It seems to me on reading that case it's pretty clear what it says and what it means. And here we have it. We do have a case where the legislature, as Missouri v. Hunter asks, has expressed its intent in what it's doing. And this is not two offenses, multiple offenses. This is an enhancement for a single offense. You're saying, in other words, it has to be in successive prosecutions? No. I'm saying you read Missouri v. Hunter, I'm sure. Yes. It seems to me that it's – In Missouri v. Hunter, if it's the case I'm thinking of, it was armed violence and – But they say what we do is we look to the expressed legislative intent of the State to see whether it's multiple offenses. Yes. And it was very clear – And here it's just, if we look at this statute, it's an enhancement for the behavior. Right. But in Missouri v. Hunter, the statute said, in addition to any other punishment, and many statutes say that. This one doesn't. Also, the question, counsel's court of the United States v. Williams, Justice Scalia didn't say that – what Justice Scalia says, the problem is, as far as sufficiency of the evidence, not whether the evidence – not whether the fact of liability has been proved. But you can't determine what the fact that needs to be proved is. So it's not a sufficiency of the evidence issue. Scalia says it's, can you determine what fact needs to be proved? Finally, counsel mentioned Shales. That was a pornography case that employed the standard in Miller v. California, pure in interest, objectionable to the standards of the community, no redeeming value, political, artistic, literary, or scientific. Thank you. Thank you. Thank you. The case is now submitted. I appreciate your attention.
judges: Ezra, Trott, Murguia